[No. 25415. Department Two. April 3, 1935.]

EMMA T. SMITH, *Appellant,* v. ALFRED A. SMITH, *Respondent.*[1]

*Spencer Gray,* for appellant.
*Herbert L. Onstad,* for respondent.

MITCHELL, J.—This controversy arises over the limited right of a father to the custody of his child, seven years of age, as provided for by an order of the superior court.

The parties, Emma T. Smith and Alfred A. Smith, were divorced about 1929, at which time the custody of

[1]Reported in 43 P. (2d) 41.

the child of the marriage was given to its mother, since which time there has been rather constant bickering between the parents over the custody of the child, which, on several occasions, has occupied the attention of the superior court, with the result that, more than once, the order in that respect has been changed. Finally, the present proceeding was instituted by the father, with the result that, upon hearing both parties and their witnesses, an order, more favorable to the father than the one already outstanding, was made on June 13, 1934, in which the father was given, until the further order of the court, the qualified custody of the child, "every Saturday and Sunday, as follows, from Saturday noon until Sunday at six o'clock p. m." Mrs. Smith has appealed from the order.

The evidence was decidedly conflicting. She introduced evidence tending to support charges which, she contended, showed that the respondent should not have the custody of the child at all. As stated already, her testimony was disputed by the respondent and his witnesses. Upon the dispute between them in this respect, the trial judge said:

"So in spite of what she has stated, I don't believe that she has sustained the burden of proof in making out that the father of the child was addicted to the habit that she stated he was."

And further, of her testimony the court said:

"I think it has been unintentionally and unconsciously colored by her violent hatred for this man."

Such finding clearly describes or pictures the situation presented at the trial, of the advantage the trial judge has in weighing testimony of witnesses appearing before him. More especially is that so in the present case, because the trial judge here heard the original divorce action and some subsequent contro-

versies between the parties growing out of the order then made with reference to the custody of this child; as he recalled at the conclusion of the present hearing, upon stating that the parents were rather bitter towards each other, as it seemed to him, "and I now have observed each of them, I think, for three or four times."

Upon consideration of the evidence, we cannot find other than that it clearly preponderates in favor of the findings and order from which the appeal was taken.

Affirmed.

MILLARD, C. J., STEINERT, HOLCOMB, and BLAKE, JJ., concur.